# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **DOERUN MUNICIPAL COURT, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **TZEDKIYAH EL YAHSHARALAH BEY**, <br><br> Defendant. | Civil Action No. 7:19-CV-83 (HL) |

## ORDER

Presently pending before the Court is *pro se* Defendant Tzedkiyah El Yahsharala Bey's Notice of Removal. (Doc. 1). Also before the Court is Defendant's motion for leave to proceed with this matter *in forma pauperis* ("IFP"). (Doc. 2). For the following reasons, Defendant's motion to proceed IFP is **GRANTED** for the purposes of remand only. This case is **REMANDED** to the Doerun Municipal Court.[1]

---

[1] To the extent that Defendant intended to file a Complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of the proceedings in Doerun Municipal Court rather than a petition for removal, Defendant's claims are barred and hereby **DISMISSED without prejudice**. See Younger v. Harris, 401 U.S. 37 (1971) (prohibiting federal courts from interfering in ongoing state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury); alternatively, see Heck v. Humphrey, 512 U.S. 477 (1994) (holding that a plaintiff cannot bring a § 1983 claim for damages where judgment in his favor would imply the invalidity of a state conviction, unless he shows that the conviction has been reversed, expunged, declared invalid, or questioned by a federal court's issuance of a writ of habeas corpus).

**I.    PRELIMINARY SCREENING**

   **A.    Standard of Review**

Because the Court is permitting Defendant to proceed IFP, the Court is required to screen the Complaint and to dismiss it, or any portion thereof, if it (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When screening a complaint pursuant to § 1915(e), the Court must accept all factual allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Id. Nevertheless, § 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." Id. (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### B. Factual Allegations

This case appears to arise from an ongoing criminal prosecution of Defendant following the execution of a bench warrant issued after Defendant failed to appear in Court to address a traffic citation issued by an officer with the City of Doerun, Doerun Policeman Citation No. 006676. (Doc. 1-1, p. 2, 4). The date of the original citation is not evident from Defendant's Notice of Removal. However, based on a prior lawsuit filed by Defendant in this Court, the Court ascertains that the citation was written sometime prior to October 16, 2017, when Defendant filed his previous Complaint. See Bey v. Doerun Municipal Court, No. 7:17-CV-179 (WLS) (dismissed for failure to state a claim).

Defendant alleges that on April 21, 2019, "while exercising the right to travel upon the public roads near Albany, Georgia," he was "detained and apprehended" by the Albany Police Department based on a bench warrant issued by the Doerun Municipal Court for failure to appear. (Id. at p. 2-3). The bench warrant seemingly

3

is related to the original traffic citation, though it is unclear from Defendant's removal petition. According to Defendant, on April 22, 2019, he "was forced to pay $332.00 to an unlawful claim or otherwise be incarcerated." (Id. at p. 3). Defendant contends that "the use of threat, duress and coercion" to make him pay the fine was "not permissible without due process being established." (Id.).

    **C.**    **Defendant's Claims**

Defendant alleges that the Doerun Municipal Court and the Doerun Police Department lacked "proper jurisdiction and authority" over him because "a contract would have to exist, that binds [Defendant] to certain terms and conditions." (Id. at p. 4). He further states that no contract exists requiring him to "perform against his will." (Id.). Defendant additionally claims that his April 21, 2019 detention based on the outstanding bench warrant amounted to an "unlawful arrest, kidnapping, and hostage situation."[2] Defendant claims that his Fourth, Fifth, and Sixth Amendment rights are being violated and that he "has suffered emotional distress [and] psychological trauma" as a result of his arrest. (Id. at p. 5). Defendant demands

---

[2] Defendant suggests that his injury in this case resulted in part from this Court's "failure to act in settling the previous matters in Case No. 1:17-CV-189, 7:18-CV-179." (Id. at p. 4). The cases cited by Defendant pertained to a petition for writ of habeas corpus, which Defendant filed in the Court's Albany Division on October 16, 2017. Bey v. Doerun Municipal Court, No. 1:17-CV-189 (WLS). The case was transferred to the Court's Valdosta Division and assigned Case No. 7:18-CV-179 (WLS). The Court ultimately dismissed the case because Defendant failed to comply with the Court's orders. Defendant has not raised any claims in this action specific to the termination of any prior lawsuit.

4

that all charges pending against him in Doerun Municipal Court "be dismissed and expunged." (Id.).

Defendant filed this action as a Notice of Removal from the Doerun Municipal Court. Under 28 U.S.C.§ 1443, a defendant facing criminal prosecution in a state court may remove the prosecution to a federal district court if the defendant "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States," in state court. 28 U.S.C. § 1443(1). A petition for removal premised on § 1443 must satisfy the two-prong test established in Georgia v. Rachel, 384 U.S. 780, 792 (1996).

First, the defendant seeking removal must demonstrate that the right upon which he relies arises under a federal law "providing for specific civil rights stated in terms of racial equality." Id. The phrase "providing for specific civil rights states in terms of racial equality" does not include rights of "general application available to all persons or citizens." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (citing Rachel, 384 U.S. at 792). Accordingly, under the first prong, "generally applicable rights available to all persons or citizens such as the Equal Protection Clause or 42 U.S.C. § 1983" will not form a basis for removal under § 1443. State of Florida v. Weber, 665 F. App'x 848, 850 (11th Cir. 2016); see also Sunflower Cty. Colored Baptist Ass'n v. Tr. of Indianola Mun. Separate Sch. Dist., 369 F.2d 795, 796 (5th Cir. 1966) (holding that a defendant's "right to a fair trial and equal protection of the laws and [his] rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific rights in terms of racial equality. . . .").

5

Second, the defendant must establish that "that he has been denied or cannot enforce that right in the state courts." Rachel, 384 U.S. at 794. This prong generally requires that the denial of the defendant's equal civil rights be "manifest in a formal expression of state law." Id. at 803. "This requirement ensures that removal is available only in cases where the denial of the right can be clearly predicated and avoids involving federal judges in the unseemly process of prejudging the brethren of the state courts." Conley, 245 F.3d at 1296 (internal quotation marks and citation omitted). "[I]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally or corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827 (1966). Rather, under § 1443 "the vindication of the defendant's civil rights is left to the state courts except in the rare situations where it can be clearly predicated by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Id. at 828.

Removal of this case under § 1443(1) is not proper because Defendant has not satisfied the two-prong test articulated in Rachel. 384 U.S. at 792. Defendant's claims fail at the first prong because Defendant has not demonstrated that the Doerun Municipal Court has denied him a right under federal law stated in terms of racial equality. Conley, 245 F.3d at 1295. Instead, Defendant's allegations

6

assert rights of "general application available to all persons or citizens." Id. Accordingly, the Court must remand this case to the Doerun Municipal Court for lack of removal jurisdiction under § 1443(1).

## II.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to proceed *in forma pauperis* (Doc. 2) and **REMANDS** this action to the Doerun Municipal Court. Defendant's pending motions to consolidate (Docs. 5, 7) are **DENIED as moot**.

**SO ORDERED**, this the 5th day of March, 2020.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks